IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KARL LYNN MCGEE, | § § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | |
| v. | | |
| | | CASE NO. 6:23-CV-00133-JDK-KNM |
| BEVERLY MELONTREE, U.S. BANKRUPTCY COURT CLERK, U.S. BANKRUPTCY COURT OFFICIAL, TYLER PD, COUNTY COURT TWO, SPEARS HEARING, | | |
| | | |
| *Defendants.* | | |

## AMENDED REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Proceed *in forma pauperis* (Doc. No. 13) as filed on June 29, 2023. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. No. 13) was filed on June 29, 2023, but docketed after the Court issued its Report and Recommendation (Doc. No. 14) of June 30, 2023. Upon consideration of Plaintiff's Motion to Proceed *in forma pauperis* (Doc. No. 13), the Court denies Plaintiff's Motion, withdraws its previous Report and Recommendation (Doc. No. 14), and issues the following recommendation in its place.

On May 24, 2023, the Court entered a Deficiency Order (Doc. No. 6) due to Plaintiff's failure to pay the filing fee or submit an application to proceed *in forma pauperis*. Plaintiff was ordered to correct the deficiency by either paying the full filing fee or filing a completed motion to proceed *in forma pauperis* within five business days. Instead of complying with the Court's Order, Plaintiff filed a Motion to Amend the Deficiency Order (Doc. No. 8) stating that he seeks relief of waiving the filing fee. The Court interpreted Plaintiff's Motion to Amend the Deficiency

Order (Doc. No. 8) as a Motion for Extension of Time and granted that Motion for Extension of Time. Doc. No. 9. The Court allowed Plaintiff an extension of five business days to correct the deficiency by paying the full filing fee or filing a completed motion to proceed *in forma pauperis*.[1] Plaintiff received the Court's Order (Doc. No. 9) on June 17, 2023. Doc. No. 12.

Although Plaintiff received a blank copy of an application to proceed *in forma pauperis*,[2] Plaintiff still submitted an incomplete Motion to Proceed *in forma pauperis* and failed to follow its included directions. *See* Doc. No. 13. Plaintiff did not answer whether he had cash on hand or money in checking or savings accounts. *See id*. at 2. Plaintiff only referenced his trust fund account and failed to attach the **required** 6-month history of his trust fund account.[3] Plaintiff also failed to disclose whether he owned any real estate, stocks, bonds, notes, automobiles, or other valuable property, instead referencing "bankruptcy case # 9560037-A." *See id*. Therefore, despite being granted an extension of time to pay the filing fee or file a complete application to proceed *in forma pauperis*, Plaintiff has failed to do so.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). Because Plaintiff failed to comply with the Court's Order (Doc. No. 9), Plaintiff's Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

---

[1] The Clerk was directed to, and did so, include a blank application to proceed *in forma pauperis* with the Court's Order (Doc. No. 9) when mailed to Plaintiff.
[2] (*See* Doc. No. 12)
[3] Specifically, Plaintiff states "inmate trust account needed from Tyler Smith County Sherriff Department." Pl.'s Mot. to Proceed *in forma pauperis*, Doc. No. 13 at 3.

**RECOMMENDATION**

For the reasons stated above and upon due consideration, the Court **DENIES** Plaintiff's Motion to Proceed *in forma pauperis* (Doc. No. 13), **WITHDRAWS** its previous Report and Recommendation (Doc. No. 14), and **ISSUES** this Report and Recommendation in its place.

The Court **RECOMMENDS** that Plaintiff's Complaint (Doc. No. 3) be **DISMISSED** without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 7th day of July, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE